■ In the Matter of DAXOR CORPORATION et al., Appellants, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Respon-

dents. [643 NYS2d 57] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered July 19, 1995, which denied petitioners' applications, pursuant to CPLR article 78, to annul respondent's denial of blood bank, clinical laboratory and tissue bank permits, and dismissed the petition, unanimously reversed, on the law, without costs, the petition granted and the determination annulled.

Petitioner Idant Laboratories, a division of petitioner Daxor Corporation, operated a blood bank, a semen bank and a clinical laboratory in New York City. Petitioner Scientific Medical Systems/Parkmed (SMS), also a division of Daxor Corporation, ran a clinical laboratory. Petitioner Joseph Feldschuh, M.D., who operated an insemination site located on Idant's premises, is Daxor's president and the medical director of both Idant and SMS. Daxor is a publicly traded company with approximately 5 million outstanding shares of common stock and about 2,500 shareholders. SMS was acquired by Daxor in 1972. Idant opened its semen bank in 1971 and its blood bank in 1985.

This controversy arises out of the transfer of regulatory authority over clinical laboratories and blood banks located in the City of New York from the New York City Department of Health to the New York State Department of Health (L 1993, ch 436 [eff July 1, 1994]). At issue is whether, as respondent New York State Department of Health maintains, petitioners were properly considered to be operating under conditional State licenses which can be terminated without a hearing or whether, as petitioners assert, they have a protected property interest in their licenses which must be accorded procedural due process (Public Health Law § 577 [3]).

It is uncontested that some of petitioners' facilities have been in operation for a quarter of a century, during which time they were licensed by the New York City Department of Health. However, it is respondent's position that, following consolidation of regulatory authority in the New York State Department of Health, petitioners assumed the status of initial applicants for State operating licenses. Respondent regards their operation during this period to be authorized by temporary State permits which, it asserts, are subject to termination without a hearing. It is respondent's contention, on appeal, that the New York State Department of Health "did not, by denying the application, revoke petitioners' old New York City license. Rather, in 1993, the State Legislature abolished the City's licensing authority and the future validity of any then existing City licenses."

Nothing in the legislation itself or in the memorandum of

the Legislative Representative of the City of New York in support of the amendment (1993 McKinney's Session Laws of NY, at 2619) suggests that any such abolition of existing operating licenses was intended. The Memorandum notes that the bill "would create one system for the regulation of clinical laboratories and blood banks in New York State" so that "clinical laboratories and blood banks which operate both in New York City and elsewhere in New York State will need but a single permit." (*Ibid.*) By eliminating unnecessary duplication, the legislation will eliminate "the extra cost and labor involved in maintaining two permits" and provide greater consistency in that "a single set of regulations will govern the conduct of clinical laboratories and blood banks in New York State." (*Id.,* at 2620.) The memorandum notes that the legislation amends sections 572, 573, and 574 of the Public Health Law "to phaseout [*sic*] references to certificates of qualification and permits issued by the New York City Department of Health" by requiring all such facilities "to obtain a permit from the New York State Department of Health". (*Id.,* at 2619.)

Respondent's argument elevates form over substance, ignoring the material property interest that petitioners derived from a continuous operating license in effect for a considerable period of time (*Board of Regents v Roth,* 408 US 564, 576-577; *Reed v Village of Shorewood,* 704 F2d 943, 948). That the State Legislature *may* abolish a license without providing the licensee a hearing (*e.g., New York State Trawlers Assn. v Jorling,* 16 F3d 1303), as respondent asserts, is of little significance. We conclude that the Legislature has not done so in this instance, but has merely provided that the State Department of Health assume responsibility for the regulation of existing facilities, formerly subject to regulation by the New York City Department of Health. As New York State law requires that the licensee be given a hearing before revocation of a permit or certificate, petitioners' due process rights were violated, and the determination of respondent Department of Health must therefore be annulled. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Williams, JJ.